IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2016 FEB 17 PM 2 50
STEPHAN HARRIS, CLERK
CHEYENNE

| | |
|---|---|
| MICHAEL DANA<br><br>Plaintiff,<br><br>v.<br><br>CORY O. ANDERSON, CODY R. ANDERSON, and MERLIN ANDERSON<br><br>Defendants. | Case No. 14-CV-223-J |

## OPINION AND ORDER DENYING DEFENDANTS' MOTION

Defendants' Motion to Dismiss (Doc. 3) and Plaintiff's opposition there to (Doc. 8) have come before the Court for consideration. After reviewing the parties' submissions, the applicable law, and being fully advised, the Court finds that the motion should be **DENIED** for the reasons stated below.

### BACKGROUND AND PARTIES' ARUGMENTS

On November 6, 2014, Plaintiff filed a Complaint alleging that Defendants caused Plaintiff serious bodily injury during a physical altercation over a pasture gate. Doc. 1. Plaintiff alleges that during the altercation, Defendants beat him while he was unconscious. *Id.* Plaintiff seeks punitive damages, medical damages, damages for past

1

and future pain, suffering, humiliation, fear, loss of enjoyment of life and general damages. Doc. 1.

On February 9, 2015, Defendants filed a Motion to Dismiss in which they argued that Wyoming law applies to Plaintiff's claims, Wyoming has adopted a one-year statute of limitations on all actions for battery, Plaintiff's complaint states that he suffered injuries as the result of an attack on October 2, 2013, and Plaintiff's complaint was filed November 6, 2014 (35 days after the statute of limitations expired). Doc. No. 3. Thus, Defendants conclude that the Court must dismiss Plaintiff's claims for failure to state a claim.

Plaintiff responded to the motion on March 17, 2015. Doc. No. 8. In his response, Plaintiff argues that he was "under a legal disability at the time the cause of action accrued" and thus under Wyoming Statute section 1-3-114, Plaintiff may bring the action within three years after the disability is removed. Plaintiff contends that Defendants beat him so severely he suffered a traumatic brain injury, rib fractures, and respiratory failure. As a result, he was hospitalized between October 2, 2013 and November 5, 2013 and was incapacitated the entire time. He contends that he was in ICU for 26 days, 15 of which he was in a coma. Plaintiff argues that he was under a legal disability while in the coma and the disability continued for 45 days after Plaintiff was released from the hospital.

Plaintiff relies on the affidavit of his Mother, Allene Dana, to support his argument that he was legally disabled and unable to "discover" his injuries for 45 days after his release from the hospital. Ms. Dana states that Plaintiff could not reason well or remember things, was very confused, could not understand what happened to him, and

2

thought he had been in a helicopter accident for 45 days after the accident. Plaintiff contends that whether a Plaintiff suffered from a legal disability is a question of fact to be submitted to the jury to determine the length and scope of the disability. The Court finds it telling that Defendants did not file a reply brief to address Plaintiff's arguments.

On February 1, 2016, the Court found that Plaintiff's reliance on his mother's affidavit required the Court to convert the Defendants' Motion to Dismiss into a Motion for Summary Judgment. Accordingly, pursuant to Fed. R. Civ. P. 12(d), the Court provided the parties notice of the conversion and requested the parties to submit any additional documents or exhibits they wished the Court to consider on the issue of whether Plaintiff's claim was timely filed. Neither party submitted any additional documents or exhibits by the deadline. Thus, the Court will perform its analysis based on what was submitted to the Court in the original briefing.

The Court finds that these matters are fully briefed and are ripe for disposition. The Court will first discuss the standard of review and the law regarding statutes of limitation, discovery of injury, and legal disability. Next, the Court will apply the law to the instant case.

## STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is genuine if a reasonable juror could resolve the disputed fact in favor of either side. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is material if under the substantive law it is essential to the proper

3

disposition of the claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor." *Anderson*, 477 U.S. at 255.

The party moving for summary judgment has the burden of establishing the nonexistence of a genuine dispute of material fact. *Lynch v. Barrett*, 703 F.3d 1153, 1158 (10th Cir. 2013). The moving party can satisfy this burden by either (1) offering affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c)(1)(A)–(B).

Once the moving party satisfies this initial burden, the nonmoving party must support its contention that a genuine dispute of material fact exists either by (1) citing to particular materials in the record, or (2) showing that the materials cited by the moving party do not establish the absence of a genuine dispute. *See id.* The nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive a summary judgment motion, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Further, when opposing summary judgment, the nonmoving party cannot rest on allegations or denials in the pleadings but must set forth specific facts

4

showing that there is a genuine dispute of material fact for trial. *See Travis v. Park City Mun. Corp.*, 565 F.3d 1252, 1258 (10th Cir. 2009).

When considering a motion for summary judgment, the court's role is not to weigh the evidence and decide the truth of the matter, but rather to determine whether a genuine dispute of material fact exists for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact-finder, not the court. *Id.* at 255.

## DISCUSSION

"A federal court sitting in diversity applies state law for statute of limitations purposes." *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 7123 (10th Cir.2005) (citing *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109–110, 65 S.Ct. 1464, 89 L.Ed.2079 (1945)). "Moreover, state law determines when an action is commenced for statute of limitations purposes." *Id.* (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980)); *see also U.S. ex rel. Conner v. Salina Regional Health Center, Inc.*, 543 F.3d 1211, 1225 (10th Cir.2008).

In addressing Defendants' motion for summary judgment, this Court must examine the interplay between Wyoming's statute of limitations, the discovery rule for triggering the running of that statute, and the Wyoming statute governing the statute of limitations when a person is legally disabled at the time the cause of action accrues. The Court addresses each of these concepts in turn.

**1. Commencement of an action under Wyo. R. Civ. P. 3(b)**

Rule 3(b) of the Wyoming Rules of Civil Procedure provides:

5

> For purposes of statutes of limitation, an action shall be deemed commenced on the date of filing the complaint ..., if service is made on the defendant ... within 60 days after the filing of the complaint. If such service is not made within 60 days the action shall be deemed commenced on the date when service is made.

Wyo. R. Civ. P. 3(b). Accordingly, for purposes of applying the statute of limitations, if the complaint was served within 60 days of the filing of the complaint, the action is deemed to commence on the date of filing. In this case, Defendants waived service on December 10, 2014. Thus, the action is deemed to have commenced on November 6, 2014.

2.   **The Wyoming statute of limitations and the discovery rule**

Under Wyoming law, a cause of action alleging battery is governed by a one-year statute of limitations. Wyo. Stat. § 1-3-105(a)(v)(B). Wyoming is a "discovery" state and applies the discovery rule to tort claims. *Duke v. Housen,* 589 P.2d 334, 346 (Wyo.1979). Accordingly, "the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence of that cause of action, that is when the injury or its cause becomes apparent." *Corkill v. Knowles,* 955 P.2d 438, n.1 (Wyo. 1998). Battery is an intentional tort.[1]

3.   **The Wyoming statute of limitations and the legal disability "extension"**

Under Wyoming law, if a person is legally disabled at the time the cause of action accrues, the person may bring the action within three years after the disability is removed or within any other statutory period of limitation, whichever is greater. Wyo. Stat. § 1-3-

---

[1] See *Cohlman v. Strohman,* 821 P.2d 88 (Wyo. 1991) (referring to battery as an intentional tort).

114. Section 114 fails to define "legal disability." The Wyoming Supreme Court, however, defined it as "a want of legal capacity to do a thing." *Ballinger v. Thompson*, 2005 WY 101, ¶ 19, 118 P.3d 429, 436 (Wyo. 2005). The Court in *Ballinger* considered whether Wyoming Statute section 1-3-107[2] applied to a prisoner who asserted he was legally disabled because he was imprisoned and thus his statute of limitations should be tolled until release. *See id.* After interpreting section 107, the Court held that although "prison increases the burdens of bringing a cause of action and presents a unique set of complications for case management[,] the right to sue in fact still exists . . . therefore [the court could not] find that [imprisonment] is a legal disability as contemplated by §1-3-107." *Id.* at ¶ 19.

The Court also considered sections 107 and 114 in *Kordus v. Montes*. 2014 WY 146, 337 P.3d 1138 (Wyo. 2014). In *Kordus*, a minor who brought a medical malpractice action against a physician contested the constitutionality of section 107. *Id.* The Wyoming Supreme Court found that section 107 and section 114 were inextricably linked because the legislature created section 107 and the following emphasized language in section 114 in part to govern minors' medical malpractice actions. (If a person entitled to bring any action ***except for an action arising from error or omission in the rendering of licensed or certified professional or health care services*** or for a penalty or forfeiture, is,

---

[2] Wyoming statute section 1-3-107 is similar statute to 1-3-114 governing an act, error or omission in rending professional or health care services. Section 107 states that "a cause of action arising from an act, error, or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times . . . for injury to the rights of a plaintiff suffering from a legal disability other than minority, within one (1) year of the removal of the disability." §1-3-107(a)(iii).

7

at the time the cause of action accrues, a minor or subject to any other legal disability person may bring the action within three (3) years after the disability is removed or within any other statutory period of limitation, whichever is greater. Wyoming Statute Section 1-3-114.). *Id.* at ¶8. The Wyoming Supreme Court considered whether sections 107 and 114 were constitutional. *Id.* It held that "a determination that the challenged statutes are constitutional is difficult, if not impossible, to square with our precedent. . . . The statute of limitations for minors, Wyo. Stat. Ann. § 1–3–107(a)(ii), violates Article 1, Section 8 of the Wyoming Constitution. . . . The exception now contained in Wyo. Stat. Ann. § 1–3–114—'except for an action arising from error or omission in the rendering of licensed or certified professional or health care services'—is also constitutionally infirm." *Id.* at ¶ 30. This Court only addresses *Kordus* to note that the ruling on the constitutionality of section 114 does not apply in this case because Plaintiff is not a minor and is not bringing a medical malpractice claim.

Thus, the Court must consider whether Plaintiff was suffering from a legal disability at the time his cause of action accrued.

4. **Application**

From the Court's review of Wyoming case law, the Wyoming Supreme Court has not addressed section 114 and issue of a legal disability in a factually similar case to this, i.e. whether being in a coma for any length of time qualifies as a legal disability and thus tolls and lengthens the statute of limitations under section 114. The Wyoming Supreme

8

Court had the opportunity to address a factually similar issue in *Herbel v. S.K. Wood Company*, 897 P.2d 478 (Wyo. 1995), but decided the case on a procedural matter.

Accordingly, this Court will need to take an *Erie*-guess and predict Wyoming state law on the issue of whether the plaintiff was legally disabled at the time the cause of action accrued if the alleged battery rendered him unconscious and required the doctors to put him in a medically induced coma for 15 days.

The Tenth Circuit has recently described when and how to make an *Erie*-guess as follows:

> In an area of unsettled law, "we 'must ... attempt to predict how [Wyoming's] highest court would interpret [the issue].' *Squires v. Breckenridge Outdoor Educ. Ctr.*, 715 F.3d 867, 875 (10th Cir.2013); *see Pehle v. Farm Bureau Life Ins. Co.*, 397 F.3d 897, 901 (10th Cir.2005) ("Because Wyoming has not directly addressed this issue, this court must make an *Erie*-guess as to how the Wyoming Supreme Court would rule."). We may 'consider all resources available' in doing so, 'including decisions of [Wyoming] courts, other state courts and federal courts, in addition to the general weight and trend of authority.' *In re Dittmar*, 618 F.3d 1199, 1204 (10th Cir.2010) (internal quotation marks omitted).
>
> 'Under our own federal jurisprudence, we will not trouble our sister state courts every time [an unsettled legal question in a diversity action] comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves.' *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir.2007); *accord Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1236 (10th Cir.2012). We see such a clear and principled path here.

*Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 852 (10th Cir. 2015).

The definition of legally disabled provided by the Wyoming Supreme Court, want of a capacity to do a thing, is a very broad definition. It leaves this Court with more questions than answers regarding whether Plaintiff in this case was legally disabled. Thus, the Court finds that in order to resolve the present issue, it must predict how the

Wyoming Supreme Court would interpret the statutory language of section 114 in this instance.

> "Questions of statutory interpretation are matters of law." *Chevron U.S.A., Inc. v. Dep't of Revenue*, 2007 WY 43, ¶ 10, 154 P.3d 331, 334 (Wyo.2007), citing *Powder River Coal Co. v. Wyo. Dept. of Revenue*, 2006 WY 137, ¶ 9, 145 P.3d 442, 446 (Wyo.2006). In interpreting statutes, our task is to give effect to the legislature's intent. We look first to the plain meaning of the language chosen by the legislature and apply that meaning if the language is clear and unambiguous. "A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability." *RME Petroleum Co. v. Wyo. Dep't of Revenue*, 2007 WY 16, ¶ 25, 150 P.3d 673, 683 (Wyo.2007). "All statutes must be construed in *pari materia;* and in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony." *State ex rel. Dep't of Revenue v. UPRC*, 2003 WY 54, ¶ 12, 67 P.3d 1176, 1182 (Wyo.2003). *See also, Lance Oil & Gas Co. v. Wyo. Dep't of Revenue*, 2004 WY 156, ¶ 4, 101 P.3d 899, 902 (Wyo.2004). If, however, the wording of a statute is ambiguous or capable of varying interpretations, we employ well-accepted rules of statutory construction. *Chevron*, ¶ 10, 154 P.3d at 334.

*State, Dep't of Corr. v. Watts*, 2008 WY 19, ¶ 13, 177 P.3d 793, 796 (Wyo. 2008). To give effect to the legislature's intent when using the term "legal disability," the Court will look to the Wyoming statutes governing guardianship and conservatorships. Wyo. Stat. § 3-1-101 et. seq.

Black's law dictionary defines a guardian as, "one who has legal authority and duty to care for another's person or property because of the other's infancy, incapacity or disability." Black's Law Dictionary (7th ed. 1999). The Court finds that the concept that the person over whom a guardianship is taken has a legal disability and thus requires a guardian is inherent in the definition of guardian. Accordingly, under the rules of

10

statutory interpretation, the Court finds that the guardianship and conservatorship statutes relate to the subject of legal disability.

Looking to the guardianship statutes to find more guidance as to what qualifies as a legal disability in the instant case, the Court looks to Wyoming Statute section 3-1-101(a)(ix). This statute section defines an "Incompetent person", one who would qualify for a guardianship, as "an individual who, for reasons other than being a minor, is unable unassisted to properly manage and take care of himself or his property as a result of the medical conditions of advanced age, physical disability, disease, the use of alcohol or controlled substances, mental illness, mental deficiency or intellectual disability." The Court finds that this definition clarifies at least some of the instances in which someone may be suffering from a legal disability. Thus, the Court finds that the legislature must have considered an incompetent person as defined by the guardianship and conservatorship statutes as a type of person who would be covered under the definition of legal disability in section 114. It is worth noting that there is no requirement of the length of the legal disability contained in section 114.

Applying the definition to the instant case, it is undisputed that Plaintiff suffered a traumatic brain injury at the time his cause of action accrued. His mother's affidavit, which remains unrebutted by Defendants, asserts that he was placed in a medically induced coma for 15 days after the incident to assist with his recovery. The Court finds, viewing the facts asserted in the Complaint in the light most favorable to Plaintiff and considering the undisputed facts, Plaintiff was suffering from a physical disability while

11

in a medically induced coma that would render him unable to properly manage and take care of himself or his property without assistance.

Accordingly, the Court finds that Plaintiff was suffering from a legal disability while he was in a medically induced coma. The Court's finding is consistent with the Kansas Supreme Court's holding in *Biritz v. Williams*, 262 Kan. 769, 942 P.2d 25 (1997), in which the Kansas Supreme Court held, under a similar statutory scheme, that the statute of limitations was tolled by the decedent being in a "semi-comatose state" for 48-hours.[3]

Under section 114, because Plaintiff was suffering from a legal disability at the time the cause of action accrued, Plaintiff's statute of limitations was tolled until he was no longer legally disabled and the statute of limitations for his battery action is extended to three years. The Court finds that it need not defer the question of the length of Plaintiff's legal disability to the jury because it is undisputed that Plaintiff was in a coma for 15 days. Even if Plaintiff was only legally disabled for the 15 days in which he was in the coma or less, he filed his complaint within three years following the date he awoke from the coma that caused his legal disability. Thus, there are no genuine issues of material fact regarding whether Plaintiff was legally disabled or timely filed his suit.

---

[3] In *Biritz*, the decedent was in a semi-comatose state well after the cause of action arose and for an unrelated reason. The Kansas statute at issue allowed for providing for the tolling of the applicable statute of limitations for a person who is incapacitated at the time the cause of action accrues or *at any time during the running of the limitations*, as well as for the incapacitated person's personal representative if death occurs before the disability terminates. Although the statutory scheme differs and the facts are somewhat distinguishable, the Court still finds the holding that a short time of being in a comatose state is sufficient to qualify as a legal disability and toll the statute of limitations persuasive.

Accordingly, the Court finds that Plaintiff has presented a sufficient factual basis and legal argument to defeat Defendant's motion.

Thus, the Court therefore **ORDERS** that the Motion, Doc. 3, seeking to dismiss Plaintiff's case for failure to state a claim, shall be, and is, **DENIED**. An order setting an initial pretrial conference in this matter is forthcoming.

Dated this 17th day of February, 2016.

Alan B. Johnson
United States District Judge